Ruffin, Judge
 

 The principal question is, whether the deed from
 
 Grant
 
 is void against his creditors, as being
 
 *407
 
 in reference to this tract of land, voluntary ; for if it be gratuitous, it is of course fraudulent. The morality of the case is certainly with the plaintiff, and has been so admitted, for no imputation of actual fraud is made.
 

 I think the deed may be supported upon the ground of a valuable consideration.
 
 Bustin
 
 had a resulting trust in the estates, after the satisfaction of
 
 Grant's
 
 claims, which was of value, as is proved by the proceeds of the ultimate sales being more than sufficient to satisfy tiiose claims,
 
 Grant
 
 and he treat for that interest, and if the former had agreed then to pay
 
 Bustin.
 
 a certain sum for it, the promise would have bees» obligatory, although it formed part of the agreement that
 
 Grant
 
 should take his title under a sale by the trustee, and upon that sale, the estates were bought at a sum less than
 
 Grant’s
 
 demands. After such a contract,
 
 Bustin
 
 would have no interest to make him look out for purchasers, orto endeavor to raise the money himself, and it would be a complete fraud on him, did it not bind
 
 Grant.
 
 It is the same tiling as agreeing to pay
 
 Bustin
 
 a price, for
 
 Grant,
 
 as the agent of another creditor, to agree that the value of the resulting interest, to bo ascertained by a rc-s<ile, should be applied in discharge of the debt of that creditor, whose agent he was. it seems to me, that the question is a plain one, when viewed in this light, and that it is only embarrassed by considering the conveyance to
 
 Grant
 
 by the trustee, as the only evidence of the contract of purchase. Whereas, that is only the modo of executing the contract and getting the title into
 
 Grant.
 
 It might create a diiliculty in proving the real contract, if it were denied upon a bill founded on it ; but if it were admitted by the defendant, I jthin k a court of equity would certainly establish it as a sale of the resulting trust of
 
 Bustin;
 
 and upon a question of fraud, the objection to receiving parol evidence does not arise, whentheparty bound by the agreement has acted on it in good faith. I conceive that
 
 Grant
 
 in his own right, agreed to give the true value of the estates for them, though at the sale then to be had, he might bid them off for less ; and as agent, he agreed to receive as payment to the
 
 Jones’
 
 the excess of the value above his own
 
 *408
 
 claims. It is like a purchase from a defendant in execution at a certain price, with a further agreement, that in order to complete the title, and make it good against other execution creditors, the sheriff’s sale shall take place, and the purchaser buy at it,
 

 Suppose in • this case, that
 
 Jones
 
 sued
 
 Bustin
 
 on the original debt, is not the latter entitled to credit for the value of the estate conveyed to
 
 Jones?
 
 And if so much of
 
 Jones’
 
 debt be discharged by the conveyance, how is it voluntary ? The case of
 
 Williams
 
 v.
 
 Howard,
 
 (3
 
 Mur.
 
 74,) is much like this, as between
 
 Grant
 
 and
 
 Bustin,
 
 and if
 
 Grant
 
 was bound to
 
 Biistin,
 
 it is the same, as a consideration for the deed, as if he was bound to
 
 Jones ;
 
 though I think there was an obligation to both.
 

 The conveyance of all the estates being to the same trustee, from whom the consideration mentioned in the beginning of the deed moved, that consideration extends to the whole, especially, when the words “
 
 also I further convetj”
 
 connected with the grant of this tract,are taken in. The objection to the probate has been abandoned in the argument, and therefore, upon the whole case, I think the judgment must be affirmed.
 

 Per Curiam. — Judgment affirmed.